FARRELL v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.*   March 29, 1889.)

MUNICIPAL CORPORATIONS—ERECTION OF AWNINGS.

The maintenance of an awning in and over a public street in the city of New York is not justified by an affidavit, merely, that plaintiff obtained permission from the city to erect and maintain it, without a specific statement that such permission was granted by the city council.

Appeal from special term, New York county.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*John H. Rogan,* (*David McClure,* of counsel,) for appellant.   *H. R. Beekman,* Corporation Counsel, (*David J. Dean,* of counsel,) for respondent.

BARTLETT, J.   The plaintiff seeks to enjoin the city from removing, or in any manner interfering with, the posts or superstructure of an awning which he maintains in and over a public street.   It is plain that this awning constitutes to some extent an obstruction to light, air, and public travel.   It is incumbent upon the plaintiff, therefore, to show some justification for its maintenance.   This he has wholly failed to do.   It is true, he alleges in his complaint that in or about the year 1873 he duly obtained permission from the defendant corporation to erect and maintain an awning in front of his premises.   He renews this statement in an affidavit read in opposition to the motion to vacate the preliminary injunction, adding that he has made diligent search among his papers to find said permit, but has been unable to find it.   He does not say by what officer it was granted, but, from the opinion of the learned judge at special term, it seems to have been there asserted that it was given by the commissioner of public works.   That officer, however, does not appear to have had any authority to issue such a permit.   The power to make ordinances regulating the use of the streets for awnings and awning posts was then, and is now, vested in the common council.   Laws 1870, c. 137, § 21, subd. 10; New York City Consolidation Act, § 86, subd. 8.   The plaintiff's averment that he had the permission of the defendant corporation to put up his awning cannot be construed as meaning that the common council had authorized him to erect it, in the absence of any specific statement to that effect, and in view of the admission as to the source of the permit, which seems to have been made when the case was before the special term.   Indeed, it is quite manifest that the common council has never done anything of the sort; and hence the plaintiff's case lacks one element which, in any view of the law, is essential to his success.   He fails to show the existence of any ordinance which even assumes to authorize the erection of the structure in question.   This fact is enough to justify the action of the court below in dissolving the temporary injunction which was originally granted herein; and it is unnecessary to decide whether the common council would have the power to permit the maintenance of such an awning as the plaintiff's, even by an ordinance adopted for that express purpose.   The learned counsel for the plaintiff argues that the cases which deny to the common council any authority to permit obstructions in the public streets apply only to streets opened under colonial or state statutes, and not to old Dutch roads, such as the Bowery is at the point where this awning is maintained.   This is an interesting and important question, but it does not fairly arise in the present case, and therefore should not now be determined.   The order dissolving the preliminary injunction was rightly granted, and should be affirmed, with costs.

VAN BRUNT, P. J., concurs.